UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHONTO PETE,<br><br>                Plaintiff,<br><br>     v.<br><br>OFFICER JAMES JAY OLSEN,<br><br>                Defendants. | NO. CV-09-54-EFS<br><br>**ORDER DISMISSING CASE** |

    A hearing occurred in the above-captioned matter on March 2, 2011. Pro se Plaintiff Shonto Pete was present; Defendant Officer James Jay Olsen was present, represented by Robert Cossey. Before the Court were Plaintiff's Motion and Declaration to Extend Discovery Cutoff (ECF No. 48) and Defendant's Counter-Motion for Dismissal (ECF No. 50). Mr. Pete seeks a Court order extending the January 7, 2011 discovery deadline to allow him time to obtain attorney representation. In response, Officer Olsen asks the Court to 1) deny Mr. Pete's motion to extend and 2) dismiss this case for lack of prosecution. After reviewing the submitted materials and relevant authority, the Court was fully informed and granted Defendant's motion to dismiss and denied as moot Plaintiff's motion to extend the discovery cutoff. This Order memorializes and supplements the Court's oral rulings.

ORDER ~ 1

**I.  BACKGROUND**

Mr. Pete sued Officer Olsen and the City of Spokane ("City") for violations of his civil rights arising out of a late-night drunken melee in February 2007 that ended when Officer Olsen shot Mr. Pete in the scalp.  Mr. Pete's February 23, 2009 Complaint seeks damages under 42 U.S.C. § 1983 for excessive force, false arrest, and equal protection violations.  He also asserts state-law false arrest, battery, malicious prosecution, and negligence claims.  The Court set a May 21, 2010 discovery cutoff, a June 4, 2010 dispositive-motion deadline, and an October 18, 2010 trial date.  (ECF No. 19.)

The City of Spokane moved for summary judgment on January 14, 2010, claiming that Officer Olsen was acting outside the scope of his employment as a member of the Spokane Police Department.  On February 18, 2010, Mr. Pete's counsel moved to withdraw.  (ECF Nos. 27 & 33.)  The Court continued those motions until after hearing the City's summary-judgment motion.  On March 15, 2010, the Court granted the City's motion for summary judgment, dismissing the City from this action because Officer Olsen was acting outside the scope of his authority.  And on August 3, 2010, the Court granted Plaintiff's counsel leave to withdraw, leaving Mr. Pete proceeding pro se.

Since then, Mr. Pete has been unable to secure counsel.  He did not meet any deadlines in the Court's Scheduling Order (ECF No. 19) and did not file any documents in anticipation of the pretrial conference.  At the September 29, 2010 pretrial conference, Mr. Pete sought an additional 100 days to secure counsel and complete discovery.  The Court granted Mr. Pete's request and issued an Amended Scheduling Order (ECF No. 47), continuing the discovery deadline to January 7, 2011, and resetting trial

ORDER ~ 2

1  to April 18, 2011.  The Court cautioned Mr. Pete that his failure to
2  retain counsel or actively prosecute the case would be grounds for
3  dismissal.
4      On January 7, 2011, the discovery-cutoff date, Mr. Pete filed a
5  Motion and Declaration to Extend Discovery Cutoff (ECF No. 48), in which
6  he represents that his diligent efforts to retain counsel have been
7  unfruitful.  This is the only action that Mr. Pete took to further this
8  action since receiving the Court's dismissal caution.  In response,
9  Officer Olsen filed a Counter-Motion for Dismissal (ECF No. 50), asking
10 the Court to 1) deny Mr. Pete's motion to extend and 2) dismiss this case
11 for lack of prosecution under Federal Rule of Civil Procedure 41(b).
12 Despite being mailed a Notice to Pro Se Litigants of the Dismissal and/or
13 Summary Judgment Rule Requirements (ECF No. 52), Mr. Pete did not
14 respond.

## II. DISCUSSION

16     Mr. Pete asks the Court to extend the discovery deadline because,
17 despite his diligent efforts, he has been unable to secure counsel and
18 was unaware he was to engage in discovery.  Officer Olsen opposes the
19 motion, countering that Mr. Pete has failed to prosecute this case.
20     Rule 41(b) states, in pertinent part,
21     If the plaintiff fails to prosecute or to comply with these
       rules or a court order, a defendant may move to dismiss the
22     action or any claim against it.  Unless the dismissal order
       states otherwise, a dismissal under this subdivision (b) and
23     any dismissal not under this rule–except one for lack of
       jurisdiction, improper venue, or failure to join a party under
24     Rule 19–operates as an adjudication on the merits.
25 Fed. R. Civ. P. 41(b).
26      There is nothing before the Court to indicate that Mr. Pete has
done anything to advance this case.  The Court has accommodated Mr. Pete

ORDER \* 3

by continuing the October 18, 2010 trial date and granting him an additional 100 days to retain counsel and/or complete discovery. Since the September 29, 2010 pretrial conference, Mr. Pete has taken no action: he has been unable to secure counsel and has not engaged in any discovery. He even failed to respond to Officer Olsen's Rule 41(b) motion which, at the very least, can be construed as his consent to entry of an adverse judgment. *See* LR 7.1(e). But fairness to Officer Olsen also favors dismissal: it has been four years since this unfortunate incident occurred and two years since the Complaint was filed. Defense counsel represents that Officer Olsen's life has been severely affected by this pending civil action. As a result, he suffers continued financial and emotional stress and anxiety.

The Court sympathizes with Mr. Pete: the stress of maintaining a civil action while providing for a family and coping with serious mental and physical injuries arising out of this incident is great. But because Officer Olsen is entitled to a reasonably timely resolution of the claims against him, the Court grants Officer Olsen's Rule 41(b) motion and dismisses Mr. Pete's Complaint for failure to prosecute.

Accordingly, **IT IS ORDERED**:

1. Defendant's Counter-Motion for Dismissal **(ECF No. 50)** is **GRANTED**.

2. Plaintiff's Motion and Declaration to Extend Discovery Cutoff **(ECF No. 48)** is **DENIED AS MOOT**.

3. All remaining claims are **DISMISSED WITH PREJUDICE** and without fees and costs to any party.

4. All pending motions are **DENIED AS MOOT**.

5.  **JUDGMENT** shall be entered in Defendant's favor.

6.  This file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel and Mr. Pete.

**DATED** this 3rd day of March 2011.

                                  s/Edward F. Shea
                                  EDWARD F. SHEA
                            United States District Judge

Q:\Civil\2009\54.Dismiss.wpd

ORDER * 5